UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:18-cv-10123-KAR

| | |
|---|---|
| TAMMY CAGLE, | ) |
|     Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| JUDGE THOMAS ESTES AND | ) |
| BEHAVIORAL HEALTH NETWORK, | ) |
|     Defendants | ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION FOR SUMMARY JUDGMENT BY THE DEFENDANT,
JUDGE THOMAS ESTES**

NOW COMES the defendant, Judge Thomas Estes (hereinafter "Estes"), and hereby submits this memorandum of law in support of his Motion for Summary Judgment.

**FACTS**

Estes respectfully refers the Court to his Local Rule 56.1 Statement of Material Facts ("SOF"), which is incorporated herein by reference.[1] Briefly, DMH had contracted with BHN to provide clinician services to several courts of the Massachusetts Trial Court. Plaintiff was an employee of BHN and BHN identified her as the court clinician for the newly established Pittsfield Drug Court. Plaintiff was supervised by two BHN employees and received all compensation from BHN. Estes was a justice of the Trial Court, and was assigned to preside as the judge in the Pittsfield Drug Court.

**STANDARD OF REVIEW**

As this Court has stated, "[s]ummary judgment is proper where a movant succeeds in demonstrating no genuine issue of material fact exists, and that it is entitled to judgment as a

---

[1] Unless otherwise noted, the exhibits and defined terms referenced herein are those identified in and/or attached to the SOF.

642108

matter of law." *O'Rourke v. Hampshire Council of Gov'ts.*, 2017 U.S. Dist. LEXIS 46645, at *4-5 (D. Mass. Mar. 29, 2017) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(c))). "A fact is material if it has the capacity to 'sway the outcome of the litigation [under the applicable law],' *Vineberg v. Bissonnette*, 548 F.3d 50, 56 (1st Cir. 2008), and presents a genuine issue if it could persuade a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (quoting Fed. R. Civ. P. 56(c))." *Id.* A movant is entitled to judgment as a matter of law where the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "In evaluating the facts adduced, '[t]he evidence of the non-movant is to be believed, and all <u>justifiable</u> inferences are to be drawn in his favor.'" *Id.* (quoting *Anderson*, 477 U.S. at 255 (emphasis added).

**ARGUMENT**

Estes moves for summary judgment as to Plaintiff's sole remaining count against him, which is a claim for Sex Discrimination/Hostile Work Environment in violation of M.G.L. c. 151B. (Dkt. Nos. 1, 35). As grounds therefor, Estes states that the law and undisputed facts show that Estes was not Plaintiff's employer and therefore he cannot be liable to her.

**I.    ESTES CANNOT BE INDIVIDUALLY LIABLE FOR THE CLAIM ALLEGED.**

With the possible exception of Plaintiff's inadmissible fanciful speculation as to various parties' employment status, all testimony and all documents, most importantly Plaintiff's own Complaint, confirms that her employer is Behavioral Health Network, Inc.

Plaintiff has consistently identified BHN as her employer. (SOF at ¶¶ 12-14; Dkt. No. 1 at ¶ 3). She was paid by BHN and supervised by BHN's employees. (SOF at ¶¶ 16, 19-20). BHN was a vendor/contractor for DMH, and DMH was providing services to the Trial Court. (SOF at

642108

¶¶ 4-10).  BHN controlled which employees it hired as court clinicians, and the courts to which they were assigned.  (*Id.*).

In her Complaint, Plaintiff acknowledged that Estes was not her employer, but was "an individual who at all relevant times was employed as the First Justice of the Eastern Hampshire District Court … and as the presiding Judge of the Pittsfield Drug Court," who was an employee of the Trial Court. (Dkt. No. 1 at ¶¶ 2, 9, 23-24).

M.G.L. c. 151B provides, in pertinent part: "[i]t shall be an unlawful practice … [f]or an employer, by himself or his agent, because of the … sex ... of any individual to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment…." M.G.L. c. 151B, § 4(1).  It is also an unlawful practice "[f]or an employer, personally or through its agents, to sexually harass any employee…."  *Id.* at § 4(16A). Chapter 151B embodies the Legislature's intent make an "employer be liable for discrimination committed by those whom it confers authority."  *College-Town, Div. of Interco, Inc. v. Massachusetts Comm'n Against Discrimination*, 400 Mass. 156, 165-166 (1987).

Stately simply, because Estes is undisputably not Plaintiff's employer, he cannot be liable under M.G.L. c. 151B as alleged.

**II.   PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES AS TO ESTES.**

"Under Massachusetts law, plaintiffs must first bring their discrimination claims before the MCAD; otherwise their claims are barred." *Massacani v. Kelly Servs.*, 2018 U.S. Dist. LEXIS 6660, at *23 (D. Mass. Jan. 16, 2018) (Robertson, M.J.) (quoting *Singleton v. Sinclair Broad. Grp., Inc.*, 660 F. Supp. 2d 136, 146 (D. Mass. 2009), *citing Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996)); see also *Eichenholz v. Brink's Inc.*, 2017 U.S. Dist. LEXIS

642108

70490, at *7 (D. Mass. May 9, 2017) ("Before suing under 151B, a plaintiff must file with the MCAD "a verified complaint in writing which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful practice complained of … which shall set forth the particulars thereof" (quoting M.G.L. c. 151B, § 5)). "The purpose of the administrative filing is (1) to provide the MCAD with an opportunity to investigate and conciliate the claim of discrimination, and (2) to provide notice to the defendant of potential liability." *Massacani*, 2018 U.S. Dist. LEXIS at *23 (quoting *Pelletier v. Town of Somerset*, 458 Mass. 504, 514 (Mass. 2010), *quoting Cuddyer v. Stop & Shop Supermarket Co.*, 434 Mass. 521, 531 (2001)). "The rule in this District … has been that '[i]f the charge put that party's conduct at issue and if the party was on notice of the charge and had an opportunity to participate in the MCAD proceeding, then the party appropriately may be named as a defendant in a later civil complaint alleging a violation of Chapter 151B." *Eichenholz*, 2017 U.S. Dist. LEXIS 70490, at *9 (quoting *Chatman v. Gentle Dental Center of Waltham*, 973 F. Supp. 228, 234 (D. Mass. 1997)).

Here, Estes was not named in the Charge filed with the MCAD. (SOF at ¶¶ 23-25). Further, Plaintiff has not set forth any facts that, other than providing information to the Trial Court, he had an opportunity to participate in the proceedings.

## **CONCLUSION**

Wherefore, summary judgment should enter in favor of Estes.

642108

Respectfully submitted,

THE DEFENDANT
JUDGE THOMAS ESTES

Dated: August 10, 2020

By */s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq., BBO No. 544402
   npelletier@robinsondonovan.com
   Direct Fax (413) 452-0342
Jeffrey J. Trapani, Esq., BBO No. 661094
   jjt@robinsondonovan.com
   Direct Fax (413) 452-0389
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants** on this 10th day of August, 2020.

**

*/s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier

642108