UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 3:18-CV-10123-KAR

TAMMY CAGLE,

      Plaintiff,

  v.

JUDGE THOMAS ESTES AND
BEHAVIORAL HEALTH NETWORK,

      Defendants.

## JOINT PRE-TRIAL MEMORANDUM

**a.**      **Concise Statement of Evidence**

**Plaintiff:**

The plaintiff expects to prove that she was hired by Behavioral Health Network and the Trial Court to work as the Court Clinician in the Drug Court at the Pittsfield District Court. The Defendant, Thomas Estes, was the Presiding Judge of the Belchertown District Court Judge who was tasked with creating a Drug Court to be held at the Pittsfield District Court. He was involved in selecting personnel who would be employed at the Drug Court and he supervised those employees. He supervised the plaintiff during her employment at the Drug Court. Mr. Estes used his position of authority to coerce the plaintiff into a one-sided sexual relationship during which she performed oral sex on him in his chambers at the Belchertown District Court on multiple occasions. He used her as a sexual outlet and manipulated her emotions to gratify his sexual needs. Once she began to make emotional demands, he discarded her. As a result of his reprehensible conduct, the defendant was sanctioned by the Judicial Conduct Commission, and the Supreme Judicial Court. He was forced to resign his Judgeship as he was aware that he was going to be impeached by the Massachusetts Legislature for his actions

Ms. Cagle was a vulnerable person who succumbed to the authority of a Judge, and once she complained, she was in fear of taking on such a powerful figure. She had to leave the Commonwealth and has resided outside of Massachusetts ever since. She has suffered significant trauma in every way. The plaintiff is seeking damages for severe emotional distress and punitive damages to punish the defendant and to deter him from future reprehensible conduct.

**Defendant:**

The defendant will proffer evidence that the plaintiff was employed by Behavioral Health Network ("BHN") who contracted with the Department of Mental Health of the Commonwealth of Massachusetts to provide clinicians to participate in teams for specialty Drug Courts throughout the Commonwealth. There was no employment relationship between plaintiff and defendant. The Commonwealth and BHN were not joint employers.

From the inception of her participation as a member of the Pittsfield Drug court, plaintiff had problems with the Probation Department. Ultimately, these problems resulted in plaintiff's reassignment by BHN to another position. All individuals involved from all agencies of the Commonwealth, with the exception of the defendant, agreed that plaintiff should be removed from her position. The defendant did not participate in the decision by BHN to reassign plaintiff. In fact, the plaintiff asked the defendant to intervene on her behalf.

Plaintiff initiated sexual encounters between she and defendant. She repeatedly reached out requesting that he meet at locations including her apartment. She continued to reach out after she moved to Georgia and, in fact, came to the Commonwealth to meet him thereafter. She ultimately decided to end the relationship as she deemed it to be one sided. At no time prior to the decision to pursue litigation did plaintiff ever advise anyone that her relationship with the defendant was anything but consensual. On at least one occasion she advised a friend that she had slept with a 31-year-old "it was great", "he was much more fun than mr. Judge. She also had sexual encounters with others during the period of her relationship with defendant. At one point, she sought medical treatment fearing she might have contracted a sexually transmitted disease. She never had sexual intercourse with the defendant.

In short, plaintiff initiated and participated in an entirely consensual sexual relation with the defendant. She alleged that it was nonconsensual so as to create a claim against her employer for which she had absolutely no basis.

Documents produced in the course of discovery confirm that the plaintiff was an extremely troubled individual long before her relationship with the defendant. She had significant problems with drugs and alcohol which resulted her receiving inpatient treatment for overuse of alcohol and suicidal ideation. Unbeknownst to BHN, or any member of the Drug Court team, she was treating while in the relationship with the defendant, blaming her recent 8 year dependance on alcohol on her divorce. She reported drinking a bottle of wine a night as of March 7, 2017. She never advised her providers that she was being sexually abused. She was also abusing benzodiazepine. In short, her mental health problems long predated her consensual relationship with the defendant and were unrelated thereto`.

b.      **Statement of Undisputed Facts**

1.      In 2016, Judge Estes was a District Court Judge in Belchertown, Massachusetts

2.      The Drug court needed a Court clinician, Tammy Cagle was interviewed by Judge Estes and Welli Yeh for the position

3.      Cagle was hired for the position in Summer of 2016

4.      Cagle and Estes began a sexual relationship in November of 2016

c.      **Contested Issues of Fact**

a.      Was the trial court Cagle's joint employer and Estes her supervisor?

b.      Did Estes sexually harass Cagle?

c.      Was Cagle subjected to conduct of a sexual nature?

d.      Was the conduct of a sexual nature unwelcome?

e.      Did the conduct of a sexual nature have the purpose or effect of creating an intimidating, hostile, humiliating or sexually offensive work environment?

f.      Did the conduct unreasonably interfere with Cagle's work performance or alter the terms and conditions of Cagle's employment?

d.      **Jurisdictional Question**

None

e.      **Questions Raised by Pending Motions**

None

f.      **Issues of Law**

The defendant intends to raise the issue of whether the plaintiff is precluded from trying this matter as a result of a settlement with the Trial Court.

The defendant intends to raise issues with respect to whether the plaintiff can pursue her claim for compensatory damages based upon a representation made by counsel. After the representation, defendant began preparation of a Motion in Limine and/or Motion for Directed Verdict at the close of the opening as an independent claim for punitive damages does not exist in the Commonwealth.

Further, plaintiff has failed to comply with Fed. R. Civ. P. 26(e). On information and belief, plaintiff has had at least two places of employment which postdate the last supplemental discovery response proffered by plaintiff on June 10, 2019, over 2 ½ years ago. On information and belief there are additional medical records which plaintiff has not produced.

Whether plaintiff's sole remedy, if any, in the circumstances as alleged was a claim pursuant to M.G.L. c. 214, § 1C.  Whether defendant can be held personally liable pursuant to M.G.L. c. 151B under the circumstances as alleged.

**g.        Requested Amendments to Pleadings**

None

**h.        Additional Matters**

None

**i.        Probable Length of Trial**

Five Days, Jury

**j.        Witnesses**

**Plaintiff:**

1.   Tammy Cagle, Plaintiff
2.   Thomas Estes, Defendant
3.   Lisa Y. Livshin, Ed.D., 69 Margaret Road, Newton MA. 02461
4.   John C. Barber, LICSW, Area Forensic Director, Department of Mental Health, Cental-West Area
5.   John Lander, Assistant Chief, Probation Department, Pittsfield District Court
6.   Matthew Stracuzzi, Chief, Probation Department, Pittsfield District Court
7.   Amy Slattery, Assistant Clerk of Court, Pittsfield District Court
8.   Susan Mailer, Behavioral Health Network
9.   Julianna Reiss, Director of Forensics, Behavioral Health Network
10. David Disessa, Director of Forensics, Behavioral Health Network

**Defendant:**

1.   The Plaintiff, Tammy Cagle.
2.   The Defendant, Thomas Estes.
3.   Dr. Welli Yeh, Program Director, Behavioral Health Network, Inc., 417 Liberty Street, Springfield, MA 01104.
4.   David DiSessa, LICSW, Behavioral Health Network, Inc., 417 Liberty Street, Springfield, MA 01104.
5.   Julianna Reiss, Director of Forensics, Behavioral Health Network, Inc., 417 Liberty Street, Springfield, MA 01104.
6.   Claudia Muradian-Brubach, Human Resources, Behavioral Health Network, Inc., 417 Liberty Street, Springfield, MA 01104.
7.   John Barber, Regional Director, Department of Mental Health, 25 Staniford Street, Boston, MA 02114.
8.   Ryan E. Bausch, Esq., The Law Offices of Ryan E. Baush LLC, Pittsfield, MA  01201.
9.   Matthew Broderick, former Acting Commissioner of Forensic Health Services, Department of Mental Health, 25 Staniford Street, Boston, MA 02114.
10. Marc Carnevale, Assistant Probation Officer, Pittsfield District Court, 24 Wendall Avenue, P.O. Box 875, Pittsfield, MA 01202.

11. Kyle Christiansen, Assistant District Attorney, 7 North Street, P.O. Box 1969, Pittsfield, MA 01202.
12. Michael Coelho, Deputy Commissioner of Programs, Office of the Commissioner of Probation, 1 Ashburton Place, Room 405, Boston, MA 02108.
13. John Lander, Assistant Chief Probation Officer, Pittsfield District Court, 24 Wendall Avenue, P.O. Box 875, Pittsfield, MA 01202.
14. Frank Marotta, Ph.D., 155 Main Street, 2nd Floor, Northampton, MA 01060.
15. CarrieAnn O'Conner, Clerk, Eastern Hampshire District Court, 205 State Street, Belchertown, MA  01007.
16. Thomas Sandford IV, The Brien Center, 359 Fenn Street, Pittsfield, MA 01201.
17. Kyle Schadler, Office of Community Corrections, 163 Fourth Street, Pittsfield, MA 01201.
18. Matthew Stracuzzi, Chief Probation Officer, Pittsfield District Court, 24 Wendall Avenue, P.O. Box 875, Pittsfield, MA 01202.
19. Christine Vernon, 37 Center Street, Windsor Locks, CT 06096.

**k.      Proposed Exhibits**

**Plaintiff:**

1. 2015 Adult Drug Court Manual
2. June 24, 2016 e mails between Welli Yeh and Estes
3. Specialty Court Protocol for Referral of Criminal Cases
4. July 1, 2016 e-mail from Estes to Judge Sullivan
5. July 5, 2016 e-mail from Welli Yeh to Cagle
6. July 5, 2016 e-mail from Welli Yeh to Estates and Barber
7. Notebook of Juliana Reiss
8. August and September 2016 e-mail Chain between Mailer and Cagle
9. September 28, 2016 e-mail between Judge Rota and Estes
10. September 21, 2016 e-mail between Estes and Cagle
11. September 30, 2016 e-mails between Cagle and Estes

12. Text communication between Estes and Cagle
13. Final Submission to SJC upon agreed facts by the Commission on Judicial Conduct and Estes dated January 17, 2018
14. In Re: Thomas Estes Order from the SJC dated May 24, 2018
15. Ellen Shapiro Memo dated August 17, 2017
16. Ellen Shapiro Memo dated February 16, 2018
17. Tammy Cagle's personnel file
18. E-mail to Judge Sullivan from Estes dated August 30, 2016

**Defendant**:

1. Portions of Extraction Report
2. Timeline (534) and Timeline (590)
3. Records of Harrison C. Carter, M.D.
4. Records of Meghan M. Jackson, LCSW

5. Records from Baystate Franklin Medical Center
6. Records from Valley Medical Center
7. Records from Cooley Dickinson Hospital
8. Records from Right Choice Health Group EMR
9. Records from Acadia Greenleaf Center
10. Records of Sara Getoff, M.Ed., LMHC
11. Behavioral Health Network Forms
12. Supervision Note dated 11/22/2016
13. Portions of Text Messages in Exhibit 7 from Deposition of Plaintiff
14. 413-281-2413 - Text Messages to and from Plaintiff and Tom Sanford
15. 413-446-0146 - Text Messages to and from Plaintiff and Alexp
16. 860-792-1431 - Text Messages to and from Plaintiff and Christina
17. 413-320-0077 - Text Message to and from Plaintiff and Judge Estes
18. 413-522-6071 – Text Messages to and from Plaintiff and Susan Muller
19. Emails between Plaintiff and Judge Estes
20. Behavioral Health Network and Department of Mental Health Standard Contract Forms for the years 2015 and 2016
21. Three supervision notes issued by Juliana Reiss dated November 23, 2016, March 21, 2017 and March 31, 2017, and one undated note relative to Tammy Cagle's Issues with Probation Department
22. Note issued by Julianna Reiss on March 17, 2017 relative to meeting with Pittsfield Probation regarding Tammy Cagle's performance
23. Email from Tammy Cagle to Claudia Muradian-Brubach regarding Resignation
24. Application for Complaint to the Division of Professional Licensure relative to Tammy Cagle's Resignation Without Notice
25. Note issued by Julianna Reiss relative to February 1, 2017 Performance Appraisal for Tammy Cagle
26. Emails relative to subsequent employment at Behavioral Health Network
27. Tammy Cagle's Behavioral Health Network Voluntary Resignation


*Respectfully submitted,*                                      *Respectfully submitted,*

For the Plaintiff,                                             For the Defendant,
Tammy Cagle,                                                  Judge Thomas Estes
By her attorneys,                                             By his attorneys,

*/s/ Leonard H. Kesten*                                       */s/ Nancy Pelletier*
Leonard H. Kesten, BBO# 542042                               Nancy Frankel Pelletier, BBO# 544402
Erica L. Brody, BBO# 681572                                  Robinson Donovan, P.C.
Brody, Hardoon, Perkins & Kesten, LLC                        1500 Main Street Suite 1600
699 Boylston Street, 12th Floor                              Springfield MA 01115
Boston, MA 02116                                             P: (413) 732-2301
P: (617) 880-7100                                            npelletier@robinsondonovan.com
lkesten@bhpklaw.com
ebrody@bhpklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

*/s/ Leonard H. Kesten*
Leonard H. Kesten, BBO# 542042

Date: January 25, 2022